[Cite as *McCafferty v. Columbus Dev. Ctr.*, 2009-Ohio-7173.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

FRANK W. MCCAFFERTY

Plaintiff

v.

COLUMBUS DEVELOPMENTAL CENTER

Defendant

Case No. 2009-07253-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} On August 18, 2009, plaintiff, Frank W. McCafferty, an employee of defendant, Columbus Developmental Center (CDC), sustained body damage to his 1994 Ford Taurus while the vehicle was parked in a parking lot located on CDC premises. Plaintiff's property damage incident occurred when an uncontrolled CDC resident ran outside the CDC residential building, into the parking lot and kicked the left rear quarter panel of plaintiff's parked car. Plaintiff implied the damage to his car was proximately caused by negligence on the part of CDC staff in failing to control a violent resident. Consequently, plaintiff filed this complaint seeking to recover $1,417.00, the cost of automotive repair needed resulting from the August 19, 2009 incident. The filing fee was paid.

{¶ 2} A report (copy submitted) was filed with the CDC Police Department incident to plaintiff's property damage occurrence. The report contained witness statements from Latisha N. Pace and Euleetha Pringle as well as photographs depicting the damage to plaintiff's car. Pringle related she observed CDC resident Jesse D, become violent; throwing a coffee pot at another resident, destroying a picture that had

been hanging on the wall of the CDC Broadview residence facility, kicking a wall, and then kicking another resident in the leg. Pringle noted she then saw resident Jesse D walk outside the residence facility and kick plaintiff's car two times. Pace reported she and Pringle followed Jesse D when he ran outside the Broadview residence facility. Pace stated "Jesse started running and jumped and kicked staffs (plaintiff's) car with both feet leaving a large dent in the rear driver side quarter panel." Photographs of plaintiff's car accompanying the report substantiate the witness statements concerning the damage to the left rear quarter panel of the vehicle.

{¶ 3} Defendant filed an investigation report neither admitting nor denying liability in this matter. Under the heading "Position of Defendant, Columbus Developmental Center" defendant provided the following statements:

{¶ 4} "The Defendant does not dispute the facts outlined by the Plaintiff. A resident of the Columbus Developmental Center caused damage to the Plaintiff's vehicle a blue Ford Taurus bearing Ohio License plate." The investigation file submitted by the Plaintiff and written by the Columbus Developmental Center Police Department more fully outlines the details."

{¶ 5} Plaintiff filed a response maintaining he has not received any payment from any collateral source to cover the cost of repairing his car.

{¶ 6} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573, 788 N.E. 2d 1088, ¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v.*

*Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

**{¶ 7}** "If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327. In order to prove the breach of a definable duty, plaintiff must show that the harm that occurred was foreseeable. *Menifee*, 15 Ohio St. 3d 75, 15 OBR 179, 472 N.E. 2d 707. The test for feasibility is whether a prudent person would have anticipated that an injury was likely to occur as a result of some action or inaction. id.

**{¶ 8}** Generally there is no duty to control the conduct of a third person by preventing him from causing physical harm to another. *Littleton v. Good Samaritan Hospital & Health Ctr.* (1988), 39 Ohio St. 3d 86, 92, 529 N.E. 2d 449. However, an exception to this general rule has been found when a special relationship exists between the actor and the third person that imposes a duty upon the actor to control the third person's conduct, or when a special relationship exists between the actor and the other that gives to the other a right to protection. *Littleton.* "Such 'a special relation' exists when one takes charge of a person whom he knows or should know is likely to cause bodily harm to others if not controlled." *Littleton*, at 92; 2 Restatement of the Law 2d, Torts (1965) at 129, section 319; see 2 Restatement of the Law 2d, Torts, (1965) at 123, Section 315, Comment c. Under the facts of the instant claim, the court finds the special relationship outlined in *Littleton* exists and the harm inflicted by the CDC resident was foreseeable under the circumstances. Consequently, defendant is liable to plaintiff for the damage claimed, $1,417.00, plus the $25.00 filing fee, which may be awarded as costs pursuant R.C. 2335.19. See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

FRANK W. MCCAFFERTY

    Plaintiff

    v.

COLUMBUS DEVELOPMENTAL CENTER

    Defendant

    Case No. 2009-07253-AD

Deputy Clerk Daniel R. Borchert


ENTRY OF ADMINISTRATIVE
DETERMINATION


    Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $1,442.00, which includes the filing fee. Court costs are assessed against defendant.


                      DANIEL R. BORCHERT
                      Deputy Clerk

Entry cc:


Frank W. McCafferty          D. Michael Snow, Superintendent
153 Washington Street        Columbus Developmental Center
Canal Winchester, Ohio  43110    1601 West Broad Street
                            Columbus, Ohio  43222

RDK/laa
10/21
Filed 11/20/09
Sent to S.C. reporter 3/12/10