[Cite as *Kelley v. Miami Univ.*, 2010-Ohio-2036.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ERIN KELLEY

     Plaintiff

     v.

MIAMI UNIVERSITY

     Defendant

     Case No. 2009-09213-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

FINDINGS OF FACT

**{¶ 1}** 1) Plaintiff, Erin Kelley, a student attending defendant, Miami University (Miami), filed this action alleging that her laptop computer was damaged as a proximate cause of negligence on the part of a Miami employee. In her complaint, plaintiff related that an unidentified Miami professor "knocked into my laptop while carrying boxes into the room," which in turn caused the laptop, an Apple Powerbook G4, to fall to the floor "destroying the power supply and other core components." Plaintiff recalled that the described damage incident occurred at approximately 5:00 p.m. on April 10, 2009. Plaintiff did not designate a location where the described damage incident occurred.

**{¶ 2}** 2) Plaintiff submitted a repair estimate (dated October 23, 2009) for her Apple Powerbook G-4 in the amount of $1,240.00. The repair estimate bears the notation: "Date of Purchase: 19-Aug-05." The repair estimate also contains the following information:

**{¶ 3}** "Issue: External casing has been damaged from machine being dropped. Excessive dents on bottom casing around DCIN and optical drive input. Has dents on the corners. Top case has been removed and hard drive has been removed."

**{¶ 4}** 3)    Plaintiff filed this complaint seeking to recover damages in the amount of $1,240.00, the estimated cost of repairing her laptop that was well over three years old at the time of the described damage incident.  The $25.00 filing fee was paid and plaintiff requested reimbursement of that cost along with her damage claim.

**{¶ 5}** 4)    Defendant filed an investigation report requesting plaintiff's claim be dismissed.  Defendant based this request on the position that:

**{¶ 6}**  "The Plaintiff has failed to provide sufficient information as to the location of the incident, the Miami University employee(s) involved and any witnesses to the incident so as to allow the Defendant to adequately investigate this complaint."

**{¶ 7}** 5)    Plaintiff filed a response stating that, "[m]y witness, Dana Saulnier, is the professor that knocked the laptop over."  Plaintiff advised that Saulnier "will be able to give a witness statement concerning the events that happened."  Plaintiff did not provide a statement from Saulnier or any other witness to the described damage event of  Friday, April 10, 2009.  Plaintiff did not provide any information regarding the location of her described occurrence.   Plaintiff did not submit any evidence concerning the market value of her Apple Powerbook G4 laptop as of April 10, 2009.

## CONCLUSIONS OF LAW

**{¶ 8}**  For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries.  *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.  Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.  However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim.  If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden."  Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

**{¶ 9}**  "If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in light of all the attending circumstances,

the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 10} Defendant was charged with a duty to exercise reasonable care for the protection of plaintiff's property. *Jagoditz v. Miami University* (2005), 2005-01986-AD; *Wise v. Miami University*, Ct. of Cl. No. 2007-04621, 2007-Ohio-7245. However, under the limited evidence presented in the instant claim, the court finds plaintiff has failed to prove her property was damaged as a proximate cause of any negligent conduct by defendant's employee during the course and scope of employment. Consequently, plaintiff has failed to prove defendant breached any duty of care owed to her in regard to property protection. Therefore, plaintiff's claim is denied.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ERIN KELLEY

Plaintiff

v.

MIAMI UNIVERSITY

Defendant

Case No. 2009-09213-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Erin Kelley
9648 Friar Tuck Drive
West Chester, Ohio  45069

Paul S. Allen
Court of Claims Coordinator
Miami University
Roudebush Hall, Room 14
Oxford, Ohio  45056

RDK/laa
1/12
Filed 1/27/10
Sent to S.C. reporter 5/7/10