[Cite as *Pytlak v. Ohio Dept. of Transp.*, 2010-Ohio-2179.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MARION PYTLAK

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

Case No. 2008-09279-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

{¶ 1} Plaintiff, Marion Pytlak, filed this action against defendant, Department of Transportation (ODOT), alleging his building, located adjacent to State Route 149 in Neffs, Ohio, received water damage from passing traffic after ODOT installed a drainage grate approximately fifty inches from the front entrance to the building. Plaintiff related that "when it rains or wet snow, cars and trucks splash my building" and consequently inhibit his "chances for renting" the property. Plaintiff filed this claim seeking to recover damages of $2,500.00, apparently representing lost rental opportunity he has suffered due to precipitation being splashed onto the front entrance of his rental property. Plaintiff did not offer any evidence to prove he has lost rental opportunities due to roadway traffic propelling fallen precipitation onto his building. The filing fee was paid.

{¶ 2} Defendant explained ODOT installed a drainage grate near plaintiff's property incident to construction of a bridge on State Route 149 in 1991. According to defendant, "plaintiff's rental property is 10 feet from the edge of the pavement of SR 149," which corresponds to milepost 5.40 on State Route 149 in Belmont County and is

located within ODOT's right-of-way. It also appears the drainage grate defendant installed was located within the ODOT right-of-way. Defendant asserted the grate was installed "to minimize surface run-off from the roadway being deposited into" plaintiff's building. On or about June 23, 2008, plaintiff sent a letter to defendant complaining of water damage due to recent construction of a bridge. ODOT Belmont County Manager, Dave Schafer, on or about July 17, 2008, responded to the complaint by conducting an onsite inspection of plaintiff's premises as well as the drainage grate installed adjacent to State Route 149.

{¶ 3} Defendant submitted an affidavit from Dave Schafer referencing his findings incident to his July 2008 inspection of the property in question. Schafer initially reported he observed plaintiff's property "was very close to the street, approximately 10 feet." Schafer related he inspected both the roadway around plaintiff's property as well as the drainage grate; "finding no structural or maintenance problems" with the roadway and did not notice any "clogging or blocking of the catch basin." Schafer reported both the drainage grate and catch basin functioned properly. Upon further inspection, Schafer noted "I found that when checking the catch basin, the [p]laintiff had connected downspout plumbing from his property."

{¶ 4} Defendant denied the "splashing" water damage plaintiff complained about was "due to the structure or maintenance of the roadway." Although defendant acknowledged ODOT has a duty to repair and maintain state roadways, the contention was forwarded that ODOT has no duty to prevent or inhibit "splashing" of naturally occurring water that emanates from traffic traveling on the roadway adjacent to plaintiff's property. Defendant contended plaintiff has failed to produce evidence that any damage to his property was proximately caused by any conduct attributable to ODOT. Defendant submitted a copy of an e-mail from Dave Schafer, who indicated he and ODOT personnel went to the location of plaintiff's building on July 14, 2008 and "cleaned out the catch basin, cleaned out the culvert pipe and ensured that drainage was running properly from this structure." Schafer also indicated the downspout that ran from plaintiff's building to the ODOT catch basin was "partially clogged." Defendant submitted photographs depicting plaintiff's building, State Route 149, and the proximity of the drainage grate/catch basin to plaintiff's building. Both the drainage grate/cath basin and the front of plaintiff's building appear to be located on the ODOT right-of-way.

Defendant argued plaintiff did not offer any evidence to establish ODOT acted negligently in regard to maintenance of the catch basin in front of his building.

{¶ 5} Plaintiff filed a response reasserting that heavy vehicle traffic such as coal trucks and tractor trailer trucks propel precipitation from State Route 149 onto the front of his building. Plaintiff pointed out the particular section of State Route 149 "is straight, half mile long (with) no red lights, no police, (and) no speed limit." Plaintiff seemingly expressed the opinion that the fact precipitation remains on the roadway for traffic to "splash" on his building is directly attributable to the location of the drainage grate/catch basin. Plaintiff has not offered any evidence to substantiate this expressed opinion. Plaintiff suggested the roadway drainage in front of his building is not running properly. Plaintiff did not provide any evidence other than his own assertion to prove the drainage installed by defendant is not functioning as intended.

{¶ 6} In order for plaintiff to prevail upon his claim of negligence, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. A breach of duty can be found only if defendant's interference with drainage water flow is unreasonable, which is determined "by balancing the gravity of the harm caused by the interference against the utility of the [defendant's] conduct." *McGlashan v. Spade Rockledge Terrace Condo Dev. Corp.* (1980), 62 Ohio St. 2d 55, at 60, 16 O.O. 3d 41, 402 N.E. 2d 1196, adopting 4 Restatement on Torts 2d (1979), 146, Section 833.

{¶ 7} Defendant must exercise due diligence in the maintenance and repair of the highways. *Hennessy v. State of Ohio Highway Department* (1985), 85-02071-AD. This duty encompasses a duty to exercise reasonable care in conducting its roadside maintenance activities to protect property from the hazards arising out of these activities. *Rush v. Ohio Dept. of Transportation* (1992), 91-07526-AD; *Phillips v. Dept. of Transp.*, Ct. of Cl. No. 2008-10374-AD, 2009-Ohio-5106. Reasonable or ordinary care is that degree of caution and foresight which an ordinarily prudent person would employ in similar circumstances. *Smith v. United Properties, Inc.* (1965), 2 Ohio St. 2d 310, 31 O.O. 2d 573, 209 N.E. 2d 142.

{¶ 8} Plaintiff has the burden of proving, by a preponderance of the evidence,

that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. Plaintiff claimed his damage event was proximately caused by a failure to inspect and maintain roadway draining system on State Route 149. As a necessary element of this type of claim, plaintiff was required to prove proximate cause of his damage by a preponderance of the evidence. See, e.g. *Stinson v. England* 69 Ohio St. 3d 451, 1994-Ohio-35, 633 N.E. 2d 532. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 9} "If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327. In the instant claim, plaintiff has failed to offer evidence to show that defendant's drainage system was improperly maintained or inadequately inspected. Plaintiff has failed to prove he suffered any damage as a proximate cause of a drainage system failure.

{¶ 10} Furthermore, plaintiff has not established defendant maintained a nuisance by locating the drainage system in the proximity of the building adjacent to State Route 149. To constitute a nuisance, the thing or act complained of must either cause injury to the property of another, obstruct the reasonable use or enjoyment of such property, or cause physical discomfort to such person. *Dorrow v. Kendrick* (1987), 30 Ohio Misc. 2d 40, 30 OBR 481, 508 N.E. 2d 684. "[A] civil action based upon the maintenance of a qualified nuisance is essentially an action in tort for the negligent

maintenance of a condition, which, of itself, creates an unreasonable risk of harm, ultimately resulting in injury. The dangerous condition constitutes the nuisance. The action for damages is predicated upon carelessly or negligently allowing such condition to exist." *Rothfuss v. Hamilton Masonic Temple Co.* (1973), 34 Ohio St. 2d 176, 180, 63 O.O. 2d 270, 297 N.E. 2d 105. Plaintiff failed to prove defendant maintained a nuisance.

{¶ 11} Additionally, in order to establish liability based on a theory of negligent design of the drainage system, plaintiff is required to produce expert testimony regarding the issue of causation and that testimony must be expressed in terms of probability. *Stinson*, at 454. Plaintiff, by not supplying the requisite expert testimony to state a prima facie claim involving design/location of the drainage system has failed to meet his burden of proof in regard to liability. See *Ryan v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2003-09297-AD, 2004-Ohio-900; *Ringel v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2006-02081-AD, 2006-Ohio-7279. Plaintiff has failed to prove ODOT's drainage maintenance proximately caused any damage to his property. See *Wasilewski v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2004-03560-AD, 2004-Ohio-7326.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MARION PYTLAK

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION

Defendant

   Case No. 2008-09279-AD

Deputy Clerk Daniel R. Borchert

<u>ENTRY OF ADMINISTRATIVE DETERMINATION</u>

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Marion Pytlak
113 Hutchison Drive
St. Clairsville, Ohio 43950

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

RDK/laa
1/28
Filed 2/18/10
Sent to S.C. reporter 5/14/10