[Cite as *Jacobs v. Ohio Dept. of Transp., Dist. 12*, 2010-Ohio-4030.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LINDA JACOBS

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 12

    Defendant

    Case No. 2009-09400-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Linda Jacobs, filed this action against defendant, Department of Transportation (ODOT), contending that her 1996 Mercury Marquis was damaged on December 9, 2007, as a proximate cause of negligence on the part of ODOT in maintaining proper traffic control in a roadway construction zone on US Route 422 in Geauga County. Plaintiff recalled her property damage event occurred on "a dark, rainy, and cold evening" while she was traveling east on US Route 422 through a roadway construction area where orange barrels were positioned to maintain traffic control. Plaintiff offered a description of roadway conditions at the time of her damage incident providing the following narrative: "Plaintiff attempted to enter the ODOT construction zone at the intersection of S.R. 282 and S.R. 422 to gain access to 16983 Main Market Drive. There were many barrels missing that designated the turning point from S.R. 422 into the construction zone, which made it difficult and unclear as to where to turn (the median consisted of a huge 2 foot drop covered by water and ice). Plaintiff continued east to use the next marked crossover (Reynolds Rd and S.R. 422) and upon driving through the marked crossover, which appeared to be solid ground covered by

ice, Plaintiff's automobile fell into a huge hole within the crossover area, which caused substantial damage to the front of Plaintiff's Mercury Marquis automobile."

{¶ 2} Plaintiff asserted the damage to her car was proximately caused by negligence on the part of ODOT in failing to maintain and supervise the construction project area on US Route 422. Specifically, plaintiff contended the crossover area where she damaged her was "poorly maintained and marked," thereby rendering the area hazardous for the motoring public. Plaintiff filed this complaint seeking to recover damages in the amount of $1,104.88, the estimated cost for repairing her vehicle. The filing fee was paid and plaintiff requested reimbursement of that cost and "court exhibit documentation costs" in addition to her damage claim.

{¶ 3} Defendant explained the area of U.S. Route 422 where plaintiff's damage incident occurred (between mileposts 19.37 and 19.59) was located within a working construction project zone under the control of ODOT contractor, Karvo Paving Company (Karvo). Defendant advised the particular project "started at milepost 18.31 and ended at milepost 19.90." Defendant related "[t]his section of roadway has an average daily traffic count between 9,610 and 11,140 vehicles." However, according to defendant, neither ODOT nor Karvo received any complaints "with construction barrels being misleading in the roadway with this amount of traffic on the roadway." Consequently, defendant contended plaintiff failed to offer sufficient evidence to prove the construction area on US 422 was negligently maintained and that her property damage was attributable to any conduct on the part of either ODOT or Karvo. Defendant specifically denied that either ODOT or Karvo had any knowledge of misplaced barrels through the construction project area that would mislead motorists such as plaintiff. Defendant denied the traffic control barrels were placed in such a way as to misdirect or inadequately advise motorists of roadway conditions.

{¶ 4} Defendant submitted a letter from Karvo representative, Melanie Phillips, referencing the actions Karvo took to maintain traffic control on the US Route 422 construction project area. Phillips wrote, "it has been determined that Karvo Paving is in compliance with all proper Traffic Control & Maintenance Guidelines and Safety guidelines that have been set forth by (ODOT)." Phillips submitted photographs depicting the traffic control utilized at the project site and referring to these photographs noted, "Karvo Paving clearly marked the construction zones with barrels, barricades,

various signs (ex. road closed, one-way, and do not enter)." Also, Phillips reported that Karvo sent notices to local residents (on October 12, 2007, notice copy submitted) advising them of "upcoming construction and traffic pattern changes" on US Route 422. Phillips related "[a]ll areas of construction are inspected and passed before permitting motorists access to designated construction areas." Phillips pointed out the roadway area was subject to ODOT onsite inspection approval and maintained in accordance with ODOT specifications. Furthermore, it appears from additional documentation submitted by Karvo that plaintiff's property damage occurred at a location where signage was in place warning motorists that the road was closed in the specific area plaintiff attempted to access.

{¶ 5} The trier of fact reviewed the submitted photographs depicting the construction area, signage in place, and positioning of traffic control barrels. The photographs depict a well maintained and well marked area with sufficient traffic control in place.

{¶ 6} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, [i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 7} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67

Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contention that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

{¶ 8} Defendant may bear liability if it can be established if some act or omission on the part of ODOT or its agents was the proximate cause of plaintiff's injury. This court, as the trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 9} "If any injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327. Evidence available tends to point out the roadway was maintained properly under ODOT specifications. Plaintiff failed to prove her damage was proximately caused by any negligent act or omission on the part of ODOT or its agents. See *Wachs v. Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2005-09481-AD, 2006-Ohio-7162; *Vanderson v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2005-09961-AD, 2006-Ohio-7163.; *Shiffler v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-07183-AD, 2008-Ohio-1600. In fact, the sole cause of plaintiff's damage was her own negligent driving. See *Wieleba-Lehotzky v. Ohio Dept. of Transp., Dist. 7*, Ct. of Cl. No. 2004-03918-AD, 2004-Ohio-4129. Plaintiff has not proven defendant maintained a hidden roadway defect. See *Sweney v. Ohio Dept. of Transp., Dist. 8*, Ct. of Cl. No. 2009-03649-AD, 2009-Ohio-6294. The photographic evidence submitted establishes the roadway area was well marked, properly maintained with adequate traffic control in place. Consequently, plaintiff's

claim is denied.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LINDA JACOBS

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 12

     Defendant

     Case No. 2009-09400-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Timothy J. Grendell
7413 Tattersall Drive
Chesterland, Ohio  44026

RDK/laa
3/31
Filed 4/28/10
Sent to S.C. reporter 8/26/10

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223