Allen, J.
 

 As set forth in the petitions, and conceded by the demurrers, Andrew Dyken, at the time that the defendant by its agent sold him the shotgun and ammunition in question, was a minor under the age of sixteen years. The sale was hence unlawful.
 

 Section 12966, General Code, provides:
 

 “Whoever sells or exhibits for sale, to a minor under sixteen years of age, a pistol manufactured of a metallic or hard substance, commonly known as a
 
 ‘toy
 
 pistol’ or air gun, or any form of explosive gun, shall be fined not less than ten dollars nor more than fifty dollars or imprisoned not less than ten days nor more than twenty days, or both, and be liable in damages to any person injured by such sale.”.
 

 Section 12967 provides:
 

 “Whoever sells, barters, furnishes or gives to a minor under the age of seventeen years, an air-gun, musket, rifle, shotgun, revolver, pistol or other firearm, or ammunition therefor, or, being the owner or having charge or control thereof, knowingly permits it to be used by a minor under such age, shall be fined not more than one hundred dollars or imprisoned in jail not more than thirty days, or both.”
 

 It is conceded that the defendant below violated both of these statutes in the sale.
 

 The sole question thus presented by the record is whether the petitions state a cause of action good as against the demurrers.
 

 ■ It is the argument of the plaintiff in error that the petitions show upon their face that an independent,
 
 *305
 
 efficient, proximate cause of the various injuries intervened between the negligent act of the defendant in selling and delivering the gun and ammunition and the shooting of the three victims; that the proximate cause of the injuries complained of was the malicious intent of Andrew Dyken, and not the sale and delivery of the gun and ammunition.
 

 In two of the petitions it is alleged that Andrew Dyken maliciously shot the plaintiff. In one petition it is alleged that Andrew Dyken purposely and deliberately shot the decedent.
 

 Under the conceded facts is the proximate cause of the injuries asi a matter of law, not the. negligent act of the defendant, but the malicious intention of Andrew Dyken, which, it is urged, intervened as an independent cause of the various injuries'?
 

 To recover for damage occasioned by violation of a statute, it is necessary to allege facts showing that the breach of the statute was the proximate cause of the injury. 1 Shearman
 
 &
 
 Redfield on Negligence (6th Ed.), Section 27;
 
 Schell
 
 v.
 
 Du Bois, Admr.,
 
 94 Ohio St., 93, 113 N. E., 664, L. R. A., 1917A, 710;
 
 Hadfield-Penfield Steel Co.
 
 v.
 
 Sheller,
 
 108 Ohio St., 106, 141 N. E., 89.
 

 Proximate cause is a phrase not easy to define. A definition often used is that given in 1 Thompson on Negligence (2d Ed.), Section 47, note 9:
 

 “A long series of judicial decisions have defined proximate or immediate and direct damages to be the ordinary and natural results of the negligence, such as are usual, and as therefore might have been expected.”
 

 The same author goes on in the same paragraph, note 16, to state:
 

 
 *306
 
 “It is therefore required that the consequences to be answered for should be natural as well as proximate. ’ ’
 

 In
 
 Milwaukee & St. Paul Ry. Co.
 
 v.
 
 Kellogg,
 
 94 U. S., 469, at page 475, 24 L. Ed., 256, the court says:
 

 ‘ ‘ The question always is: was there an unbroken connection between the wrongful act and the injury, a continuous operation? Did the facts constitute a continuous succession of events, so linked together as to make a natural whole, or was there some new and independent cause intervening between the wrong and the injury?”
 

 In 1 Shearman
 
 &
 
 Eedfield on Negligence (6th Ed.), Section 32, the text-writers say:
 

 “The defendant’s negligence is not deemed the proximate cause of the injury, when the connection is thus actually broken by a responsible intervening cause. But the connection is not actually broken, if the intervening event is one which might, in the natural and ordinary course of things, be anticipated as not entirely improbable, and the defendant’s negligence is an essential link in the chain of causation.”
 

 1 Sutherland on Damages (4th Ed.), Section 34, gives the rule thus:
 

 “The general rule is that a defendant is not answerable for anything beyond the natural, ordinary and reasonable consequences of his conduct.”
 

 In 25 Corpus Juris, 191, referring to the sale of a gun to a minor, it is said:
 

 “The seller will not be liable, however, unless the injury is the natural and probable consequence of the sale.”
 

 In the case of
 
 Mouse
 
 v.
 
 Central Savings & Trust
 
 
 *307
 

 Co.,
 
 120 Ohio St., 599, 167 N. E., 868, this court recently held:
 

 ‘ ‘ The mere fact that the intervention of a responsible human being can be traced between the defendant’s alleged wrongful act and the injury complained of does not absolve him upon the ground of lack of proximate cause if the injury ensued in the ordinary course of events, and if the intervening cause was set in motion by the defendant.”
 

 The statute, Section 12966, General Code, provides in substance that whoever sells to a minor under sixteen years of age a pistol or air gun, or any form of explosive gun, shall be fined or imprisoned “and be liable in damages to any person injured by such sale.”
 

 The statute establishes a liability in damages to any person injured by such sale, and imposes no limitation upon such liability depending upon the purpose with which the gun is discharged. It does not in terms apply merely to accidental shooting, nor merely to accidental or negligent shooting. The provision is unlimited in its scope. Considering its express wording, it is difficult to see what injury the statute contemplates as apt to arise from the illegal sale except an injury occurring by the discharge of the gun, and that whether accidental, negligent, or intentional.
 

 In the recent case of
 
 Lisk, Admr.,
 
 v.
 
 Hora,
 
 109 Ohio St., 519, 143 N. E., 545, it was held that under Section 5838, General Code, an owner or harborer of a dog that chases, worries, injures, or kills a person is liable for the death of a person attacked and bitten by such dog, and that this was in spite of the fact that the petition did not aver, and the evidence did
 
 *308
 
 not prove, the known vicious character of the dog or negligence of the owner.
 

 This decision recognized that the owner, by express provision of the statute, was made liable for the action of the dog. Under the present statute, is the seller of the gun made liable for the action of the minor?
 

 The court has carefully considered the similar cases cited in behalf of plaintiff in error, and particularly
 
 Hartnett
 
 v.
 
 Boston Store of Chicago,
 
 265 Ill., 331, 106 N. E., 837, L. R. A., 1915C, 460;
 
 Poland
 
 v.
 
 Earhart,
 
 70 Iowa, 285, 30 N. W., 637;
 
 Cada
 
 v.
 
 The Fair,
 
 187 Ill. App., 111, and
 
 Carter
 
 v.
 
 Towne,
 
 103 Mass., 507; which relate to a sale either of gunpowder, ammunition, or weapons. No one of these cases is precisely analogous to the instant cases upon the facts. In the
 
 Carter case
 
 no statute whatever is cited; in the
 
 Poland, Cada,
 
 and
 
 Hartnett cases
 
 statutes or ordinances are cited making it illegal to sell the weapons in question to minors. However no provision similar to that of our own Code establishing the liability for damage resulting from such sale existed in any of these cases. The
 
 Cada case,
 
 as a matter of fact, is an authority in favor of the defendants in error here, for it held that the declaration was not demurrable on the ground that the facts alleged did not show that the sale was the proximate cause of the injury.
 

 On the other hand, decisions in other states have held that under such circumstances the seller of the gun is liable.
 
 Gerbino
 
 v.
 
 Greenhut-Siegel-Cooper Co.,
 
 165 App. Div., 763, 152 N. Y. S., 502;
 
 Henningsen
 
 v.
 
 Markowitz,
 
 132 Misc. Rep., 547, 230 N. Y. S., 313;
 
 McMillen
 
 v.
 
 Steele,
 
 275 Pa., 584, 119 A., 721, 722.
 
 *309
 
 In the latter case the court states in the opinion that “any ordinary discharge of a firearm is a natural and probable result of its use. ’ ’
 
 Anderson
 
 v.
 
 Settergren,
 
 100 Minn., 294, 111 N. W., 279, 280;
 
 Spires
 
 v.
 
 Goldberg,
 
 26 Ga. App., 530, 106 S. E., 585. In the
 
 Spires case
 
 the court held that the trial court erred in sustaining the demurrer to the petition, and decided that, where one has violated a penal statute of the state, which forbade the sale of a pistol to a minor, and injury resulted therefrom, he should be held liable for the injury if it be a natural and probable consequence of the sale to the minor, and should reasonably have been anticipated by the vendor as a natural and probable consequence of his unlawful act. The court states in the opinion that it would make no difference whether the minor who bought the pistol from the defendants had intentionally or negligently discharged it.
 

 In
 
 Wassel
 
 v.
 
 Ludwig,
 
 92 Pa. Super. Ct., 341, the court held that the death of plaintiff’s decedent under similar circumstances was a consequence of the unlawful sale of the weapon, and that the placing of the rifle in the hands of minors contributed to the tragedy in a way so immediate and direct that the defendant’s responsibility existed under the verdict. The court says:
 

 “It is not necessary that the defendant should have anticipated the particular casualty; it was sufficient that his act was likely to result in injury to some one.”
 

 In
 
 Anderson
 
 v.
 
 Settergren, supra,
 
 the contention was specifically made that there was an efficient cause intervening between the unlawful act and the injury. The court points out that in almost every
 
 *310
 
 case of this class there has been a corresponding intervening cause contributing as a condition, if not as a cause, to the injury complained of, and that the conclusion of liability nevertheless has been generally reached. It goes on to say that the reasoning is simple and obvious. “Every man must be taken to contemplate the probable consequence of the act he does.” And the court holds in the syllabus that the defendant’s wrong was in law the proximate cause of the damage despite the intervention of the minor.
 

 "We cite these decisions from other states to show that, even without a statutory provision identical with our own, there is reputable authority in favor of the defendants in error here. The peculiar form of our own statute compels an affirmance of the judgment. Unlimited in its scope, the statute evidently contemplates any harmful use of the gun by a minor to whom the weapon is unlawfully sold, whether accidental, negligent, or intentional, as being a natural and probable result of the illegal act, and establishes liability for the doing of that unlawful act.
 

 Hence the Court of Appeals was correct in reversing the judgments of the trial court sustaining the demurrers to the petitions and in remanding the causes for trial.
 

 The judgment of the Court of Appeals will be affirmed in each case.
 

 Judgments affirmed.
 

 Kinkade, Robinson, Matthias and Day, JJ., concur.