[Cite as *Bloodworth v. London Correctional Inst.*, 2010-Ohio-6638.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RONALD BLOODWORTH

　　Plaintiff

　　v.

LONDON CORRECTIONAL INSTITUTION

　　Defendant

　　Case No. 2009-07610-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

**{¶ 1}** "1)　Plaintiff, Ronald Bloodworth, an inmate incarcerated at defendant, London Correctional Institution (LoCI), filed this action alleging his Wahl beard trimmers were lost or stolen as a proximate cause of negligence on the part of LoCI staff in exercising control over the item at sometime between May 19, 2009 to June 3, 2009. Plaintiff explained he was transferred from the LoCI general population to a segregation unit on May 19, 2009 and his personal property was delivered into the custody and control of LoCI staff incident to this transfer.　Plaintiff further explained he regained possession of his personal property on June 3, 2009 upon his release from segregation and soon discovered his beard trimmers were missing when he examined the returned property items.　Plaintiff recalled he purchased the beard trimmers in 2005 when he was incarcerated at the Ohio State Penitentiary (OSP).　Plaintiff suggested defendant's personnel could review surveillance camera footage from May 19, 2009 to determine if his beard trimmers were stolen or lost before his property was inventoried and packed. In his complaint, plaintiff requested damages in the amount of $30.00, the stated replacement cost of his beard trimmers.　Payment of the filing fee was waived.

**{¶ 2}** "2)　Plaintiff contended LoCI personnel "deliberately" lost his beard

trimmers. Plaintiff further contended LoCI personnel "negligently or maliciously lost" his beard trimmers. Plaintiff submitted a copy of a title for Wahl beard trimmers bearing an issue date of October 21, 2005. Plaintiff submitted a copy of his May 19, 2009 "Inmate Property Record-Disposition and Receipt" (inventory) which does not list any beard trimmers. Plaintiff submitted a copy of his inventory dated April 14, 2009 which does list beard trimmers.

**{¶ 3}** "3)   Defendant denied liability in this matter asserting plaintiff has failed to prove his beard trimmers were lost by LoCI staff incident to his May 19, 2009 transfer to a segregation unit. Defendant specifically denied any LoCI employee took possession of plaintiff's beard trimmers. Defendant maintained there is no record the beard trimmers entered the control of LoCI personnel when plaintiff was transferred. Defendant related when plaintiff reported his beard trimmers were missing LoCI employee Sgt. Gilliam "searched the dorm for the beard trimmers but they were not located."

**{¶ 4}** "4)   Plaintiff filed a response insisting LoCI staff received delivery of his beard trimmers on May 19, 2009 and subsequently lost the property item while exercising control over it. Plaintiff again suggested defendant should review "all surveillance footage which captured all activity involving the handling of (plaintiff's) property from May 19, 2009 through June 3, 2009 including, but, not limited  to all surveillance footage in transportation." Plaintiff contended defendant failed to conduct a proper investigation into the loss of his beard trimmers by refusing to review "surveillance footage" depicting the handling of his property. Plaintiff denied LoCI employee ever conducted a search for the beard trimmers when notified that the property was missing. Plaintiff argued he has produced evidence to establish his beard trimmers were lost while under the control of LoCI staff.

## CONCLUSIONS OF LAW

**{¶ 5}** "1)   For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

**{¶ 6}** "2)   "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided . . . by the court . . ."

*Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶ 7}"3)   If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence.  It is not necessary that the defendant should have anticipated the particular injury.  It is sufficient that his act is likely to result in an injury to someone."  *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327.

{¶ 8}"4)   Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property.  *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 9}"5)   This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶ 10} "6) Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence.  *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 11} "7) Plaintiff must produce evidence which affords a reasonable basis for the conclusion that defendant's conduct is more likely than not a substantial factor in bringing about the harm.  *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 12} "8) In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim.  If his evidence furnishes a basis for only a guess, among different possibilities, as to any issue in the case, he fails to sustain the burden as to such issue.  *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

{¶ 13} "9) Plaintiff cannot recover for property loss when he fails to produce sufficient evidence to establish defendant actually assumed control over property. *Whiteside v. Orient Correctional Inst.*, Ct. of Cl. No. 2002-05751, 2005-Ohio-4455 obj.

overruled, 2005-Ohio-5068.  Plaintiff failed to prove defendant actually exercised control over beard trimmers.

**{¶ 14}** "10) Plaintiff's failure to prove delivery of the above listed property to defendant constitutes a failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property.  *Prunty v. Department of Rehabilitation and Correction* (1987), 86-02821-AD.

**{¶ 15}** "11) Plaintiff has failed to show any causal connection between the loss of his beard trimmers and any breach of a duty owed by defendant in regard to protecting inmate property.  *Druckenmiller v. Mansfield Correctional Inst.* (1998), 97-11819-AD; *Melson v. Ohio Department of Rehabilitation and Correction* (2003), Ct. of Cl. No. 2003-04236-AD, 2003-Ohio-3615.

**{¶ 16}** "12) Plaintiff has failed to prove, by a preponderance of the evidence, that his property was damaged as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RONALD BLOODWORTH

Plaintiff

v.

LONDON CORRECTIONAL INSTITUTION

Defendant

Case No. 2009-07610-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Ronald Bloodworth, #366-695
P.O. Box 69
London, Ohio  43140

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio  43222

RDK/laa
Filed 10/13/10
Sent to S.C. reporter 1/28/11