[Cite as *Cooney v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-6625.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DANIEL J. COONEY

      Plaintiff

      v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

      Defendant

Case No. 2010-06648-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

FINDINGS OF FACT

**{¶ 1}** 1)    Plaintiff, Daniel J. Cooney, an inmate incarcerated at defendant's Madison Correctional Institution (MaCI), filed this action alleging his converter box, CD player, and adapter were lost or stolen as a proximate cause of negligence on the part of MaCI staff in handling his property on or about July 17, 2009. Plaintiff recalled he was transferred from the infirmary at MaCI to defendant's Allen Correctional Institution (ACI) on July 17, 2009 and his personal property was inventoried, packed, and sent to ACI incident to the transfer. Plaintiff further recalled that when he arrived at ACI and regained possession of his property he discovered his CD player, adapter, and converter box were not among the returned property items. In his complaint, plaintiff requested damages in the amount of $155.50, the stated replacement cost of his alleged missing property. The $25.00 filing fee was paid and plaintiff seeks recovery of that cost along with his damage claim.

**{¶ 2}** 2)    Plaintiff submitted a copy of his "Inmate Property Record-Disposition and Receipt" (inventory) listing all property packed by MACI personnel on

July 16, 2009 incident to his transfer to ACI on July 17, 2009. This inventory lists a CD player and an adapter. A television converter box is not listed, but a television is listed. In a document submitted with his complaint, plaintiff noted that his television converter box was attached (taped) to his television set.

**{¶ 3}** 3) Defendant denied any of the property items claimed were lost or stolen during the course of transfer from MaCI to ACI. Defendant submitted a copy of plaintiff's property inventory dated July 20, 2009 and compiled at ACI. This inventory lists a CD player and an adapter as well as a television set. A television converter box is not listed. However, defendant pointed out plaintiff previously acknowledged his television converter box was attached to his television set. Defendant asserted plaintiff did not produce any evidence to establish any of his property items were lost or stolen while under the control of MaCI staff incident to a transfer to ACI. Defendant related the property vault log at MaCI (copy submitted) reflected plaintiff's television set with converter box "was logged into the vault on July 16, 2009 by (MaCI employee) Sgt. Sowers." Defendant maintained all property claimed was transported from MaCI to ACI on July 17, 2009.

**{¶ 4}** 4) Plaintiff filed a response advising that he was transferred back to MaCI from ACI on October 29, 2009 and his converter box, CD player, and adapter were not among his property items that were transferred with him. Plaintiff submitted a copy of his property inventory compiled on October 29, 2009 by ACI personnel. This inventory does not list a converter box, CD player, and an adapter. The inventory does bear plaintiff's signature certifying that the items listed represent "a complete and accurate inventory of all my personal property."

## CONCLUSIONS OF LAW

**{¶ 5}** 1) For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

**{¶ 6}** 2) "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided . . . by the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing

*Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶ 7}   3)   "If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence.   It is not necessary that the defendant should have anticipated the particular injury.   It is sufficient that his act is likely to result in an injury to someone."   *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327.

{¶ 8}   4)   Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property.  *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 9}   5)   This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶ 10}  6)   Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence.  *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 11}  7)   Plaintiff must produce evidence which affords a reasonable basis for the conclusion that defendant's conduct is more likely than not a substantial factor in bringing about the harm.  *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 12}  8)   In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim.  If his evidence furnishes a basis for only a guess, among different possibilities, as to any issue in the case, he fails to sustain the burden as to such issue.  *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

{¶ 13}  9)   Plaintiff has failed to show any causal connection between the loss of any property and any breach of a duty owed by defendant in regard to protecting inmate

property.  *Druckenmiller v. Mansfield Correctional Inst.* (1998), 97-11819-AD; *Melson v. Ohio Department of Rehabilitation and Correction* (2003), Ct. of Cl. No. 2003-04236-AD, 2003-Ohio-3615.

**{¶ 14}** 10)  Plaintiff has failed to prove, by a preponderance of the evidence, that his property was lost or stolen as a proximate result of any negligent conduct attributable to defendant.  *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DANIEL J. COONEY

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant

    Case No. 2010-06648-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor

of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Daniel J. Cooney, #371-659          Gregory C. Trout, Chief Counsel
P.O. Box 740                        Department of Rehabilitation
London, Ohio  43140-0740            and Correction
                                    770 West Broad Street
                                    Columbus, Ohio  43222

RDK/laa
9/29
Filed 10/13/10
Sent to S.C. reporter 1/21/11