[Cite as *Smith v. Ross Correctional Inst.*, 2010-Ohio-6660.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JOSH H. SMITH

Plaintiff

v.

ROSS CORRECTIONAL INSTITUTION

Defendant

Case No. 2010-05587-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

{¶ 1} 1) Plaintiff, Josh H. Smith, an inmate incarcerated at defendant, Ross Correctional Institution (RCI), filed this action alleging his television set was stolen and other property items were lost as a proximate cause of negligence on the part of RCI staff. Plaintiff explained he was transferred to an isolation unit on December 31, 2009 at approximately 7:30 a.m. for an institution rule violation and his property was left in his cell. Plaintiff contended that at sometime after he was transferred to the isolation unit his television set that was left in his cell was taken by his cellmate and either sold to another inmate or delivered to RCI staff and subsequently lost. Plaintiff further contended that defendant's personnel failed to pack his beard trimmers, radio, food bowl, three cups, three towels, and a sweatshirt after he was sent to the isolation unit. Plaintiff submitted a copy of his "Inmate Property Record-Disposition and Receipt" (inventory) dated December 31, 2009, 12:05 p.m., compiled incident to his transfer to isolation. This inventory does not list any television set, radio, beard trimmers, bowl, or cups. The inventory does list one sweatshirt and two towels. Plaintiff submitted documentation showing he had possessed a radio since September 2008 and a

television set since November 2007. Plaintiff also submitted documentation showing he received a set of beard trimmers on December 18, 2008, two sweatshirts on September 10, 2008, one towel and one sweatshirt on October 26, 2007. In his complaint, plaintiff requested damages in the amount of $337.00, the estimated value of the claimed missing property. Plaintiff submitted documentation showing the actual purchase prices for his television set, radio, beard trimmers, towel, and sweatshirt totaled $252.21. The filing fee was paid.

**{¶ 2}** 2)    Plaintiff filed a copy of an "Inmate Property Theft/Loss Report" (theft report) dated January 19, 2010 compiled at the time he reported the theft of his television set. According to information recorded in this theft report, RCI personnel searched cell 2043B and interviewed the occupant of that cell regarding plaintiff's television set after plaintiff reported the set could be found there. The television set was not in cell 2043B and the occupant denied having any knowledge concerning the disposition of plaintiff's television set. RCI staff did not take any further action or investigation in regard to the reported theft. No evidence was submitted to show plaintiff made a formal report concerning the loss of his radio, beard trimmers, towels, bowl, cups, and sweatshirt. Plaintiff was assigned to cell 1073B at the time he was sent to isolation.

**{¶ 3}** 3)    Defendant denied any liability in this matter asserting that RCI staff never exercised control over any of the claimed missing property. Defendant pointed out plaintiff signed the December 31, 2009 property inventory acknowledging that the listed items represented a "complete and accurate inventory" of all his personal property. Defendant advised plaintiff never reported any missing property when he signed the December 31, 2009 inventory. Defendant argued plaintiff failed to produce any evidence to establish his property was lost or stolen as a proximate cause of negligent conduct on the part of RCI personnel.

CONCLUSIONS OF LAW

**{¶ 4}** 1)    For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

**{¶ 5}** 2)    "Whether a duty is breached and whether the breach proximately

caused an injury are normally questions of fact, to be decided . . . by the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶ 6} 3)    If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence.  It is not necessary that the defendant should have anticipated the particular injury.  It is sufficient that his act is likely to result in an injury to someone."  *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327.

{¶ 7} 4)    Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property.  *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 8} 5)    This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶ 9} 6)    Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence.  *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 10} 7)    Plaintiff must produce evidence which affords a reasonable basis for the conclusion that defendant's conduct is more likely than not a substantial factor in bringing about the harm.  *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 11} 8)    In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim.  If his evidence furnishes a basis for only a guess,  among different possibilities, as to any issue in the case, he fails to sustain the burden as to such issue.  *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

{¶ 12} 9)    Plaintiff cannot recover for property loss when he fails to produce sufficient evidence to establish defendant actually assumed control over the property.

*Whiteside v. Orient Correctional Inst.*, Ct. of Cl. No. 2002-05751, 2005-Ohio-4455 obj. overruled, 2005-Ohio-5068. Plaintiff failed to prove defendant actually exercised control over any of the items claimed.

{¶ 13} 10) Plaintiff's failure to prove delivery of the above listed property to defendant constitutes a failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property. *Prunty v. Department of Rehabilitation and Correction* (1987), 86-02821-AD.

{¶ 14} 11) The allegation that a theft may have occurred is insufficient to show defendant's negligence. *Williams v. Southern Ohio Correctional Facility* (1985), 83-07091-AD; *Custom v. Southern Ohio Correctional Facility* (1986), 84-02425. Plaintiff must show defendant breached a duty of ordinary or reasonable care. *Williams.*

{¶ 15} 12) Defendant is not responsible for thefts committed by inmates unless an agency relationship is shown or it is shown that defendant was negligent. *Walker v. Southern Ohio Correctional Facility* (1978), 78-0217-AD.

{¶ 16} 13) Plaintiff has failed to show any causal connection between the loss of his property listed and any breach of a duty owed by defendant in regard to protecting inmate property. *Druckenmiller v. Mansfield Correctional Inst.* (1998), 97-11819-AD; *Melson v. Ohio Department of Rehabilitation and Correction* (2003), Ct. of Cl. No. 2003-04236-AD, 2003-Ohio-3615.

{¶ 17} 14) Plaintiff may show defendant breached its duty of reasonable care by providing evidence of an unreasonable delay in packing inmate property. *Springer v. Marion Correctional Institution* (1981), 81-05202-AD.

{¶ 18} 15) In the instant claim, plaintiff has failed to prove any delay in packing his property resulted in any property theft. *Stevens v. Warren Correctional Institution* (2000), 2000-05142-AD; *Knowlton v. Noble Corr. Inst.*, Ct. of Cl. No. 2005-06678-AD, 2005-Ohio-4328.

{¶ 19} 16) Plaintiff has failed to prove, by a preponderance of the evidence, any of his property was stolen as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JOSH H. SMITH

     Plaintiff

     v.

ROSS CORRECTIONAL INSTITUTION

     Defendant

     Case No. 2010-05587-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Josh H. Smith, #558-678
P.O. Box 7010
Chillicothe, Ohio 45601

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio 43222

RDK/laa

11/3
Filed 11/10/10
Sent to S.C. reporter 2/11/11