[Cite as *Lockridge v. Hocking Correctional Facility*, 2010-Ohio-6686.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

PERRY D. LOCKRIDGE

    Plaintiff

    v.

HOCKING CORRECTIONAL FACILITY

    Defendant

    Case No. 2010-07571-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

## FINDINGS OF FACT

**{¶ 1}** 1) Plaintiff, Perry D. Lockridge, an inmate incarcerated at defendant, Hocking Correctional Facility (HCF), filed this action alleging that his personal property was lost or stolen as a proximate cause of negligence on the part of HCF staff. Plaintiff explained that he was transferred from the HCF general population to a segregation unit on September 29, 2009 and his personal property was inventoried, packed, and delivered into the custody of HCF personnel incident to this transfer. Later that same day, HCF personnel confiscated certain items from plaintiff that were declared contraband. The confiscated property included two soap dishes. Plaintiff advised that when he regained possession of his property he discovered his silver crucifix with attached chain and his scented oils were missing. Plaintiff also pointed out that three pairs of underwear, soap dishes, religious ink pens, and a gold denture cap were missing. In his complaint, plaintiff requested damages in the amount of $2,500.00. It appears from a reading of the complaint that the damages requested apply only to the loss of the crucifix with attached chain. Plaintiff characterized the crucifix and chain as "an heirloom-significantly 70 plus years old." Payment of the filing fee was waived.

**{¶ 2}** 2)　Plaintiff submitted a copy of an "Inmate Property Record-Disposition and Receipt" (inventory) compiled on September 29, 2009.  A "necklace" is listed on this inventory.  The inventory bears a heading "Religious Items" with a box titled "Chain W/Medallion."  The "Chain W/Medallion" box is unmarked on the September 29, 2009 property inventory.  Plaintiff submitted a copy of a second inventory compiled on June 19, 2009 when he was transferred to HCF.  This inventory under the heading "Religious Items" lists a "Chain W/Medallion."  Plaintiff submitted a copy of an "Informal Complaint Resolution" (ICR) dated October 11, 2009 concerning the loss of property incident to the September 29, 2009 property pack up.  In this ICR plaintiff references "my silver chains, crosses, and the bottle of solution which was cleaning solution for my jewelry."  Plaintiff submitted a copy of a title issued at the Lebanon Correctional Institution dated September 16, 2005.  This title refers to a property item listed as a "Silver Chain."  A crucifix or cross is not listed on the September 16, 2005 title issued to plaintiff.

**{¶ 3}** 3)　Defendant denied losing any property incident to the September 29, 2009 pack up.  Defendant specifically denied losing any chain with a cross on it.  Defendant acknowledged that plaintiff did own a "silver chain."  However, defendant asserted that the chain plaintiff owned did not have cross on it.  Defendant related that: "Defendant offered Plaintiff reimbursement for the loss of that chain in the amount of $51.88, but Plaintiff refused to accept that amount."  Defendant contended that plaintiff not only failed to offer sufficient evidence to show that any of his property items were lost while under the control of HCF staff, but failed to produce evidence to prove his damages claimed.  Defendant filed a copy of an "Inmate Property Theft/Loss Report" (theft report) dated October 6, 2009 and compiled when plaintiff reported the loss of "2 silver chains and 2 silver crosses and 1 gold tooth."  According to information in this theft report, the gold tooth was recovered, but no crosses and chains were found.  Additionally, the HCF employee who compiled the theft report also packed plaintiff's property on September 29, 2009 and recorded that "I don't remember seeing them (crosses and chains) during the pack up."

**{¶ 4}** 4)　Plaintiff filed a response noting that he is forbidden under defendant's internal policy from possessing a chain that does not have a religious medallion attached.  Plaintiff did not submit any evidence to establish a chain with attached crucifix was lost by defendant's staff when his property was packed on September 29,

2009.

CONCLUSIONS OF LAW

**{¶ 5}** 1)    For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries.  *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

**{¶ 6}** :2)    "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided . . . by the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

**{¶ 7}** 3)    If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence.  It is not necessary that the defendant should have anticipated the particular injury.  It is sufficient that his act is likely to result in an injury to someone."  *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327.

**{¶ 8}** 4)    Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property.  *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

**{¶ 9}** 5)    This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

**{¶ 10}** 6)    Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence.  *Barnum v. Ohio State University* (1977), 76-0368-AD.

**{¶ 11}** 7)    Plaintiff must produce evidence which affords a reasonable basis for the conclusion that defendant's conduct is more likely than not a substantial factor in

bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 12} 8)   In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim.  If his evidence furnishes a basis for only a guess, among different possibilities as to any issue in the case, he fails to sustain the burden as to such issue.  *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

{¶ 13} 9)   Plaintiff cannot recover for property loss when he fails to produce sufficient evidence to establish defendant actually assumed control over property. *Whiteside v. Orient Correctional Inst.*, Ct. of Cl. No. 2002-05751, 2005-Ohio-4455 obj. overruled, 2005-Ohio-5068.  Plaintiff failed to prove defendant actually exercised control over a chain with attached crucifix.

{¶ 14} 10)  Plaintiff's failure to prove delivery of the above listed property to defendant constitutes a failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property.  *Prunty v. Department of Rehabilitation and Correction* (1987), 86-02821-AD.

{¶ 15} 11)  Plaintiff has failed to show any causal connection between the loss of any property and any breach of a duty owed by defendant in regard to protecting inmate property.  *Druckenmiller v. Mansfield Correctional Inst.* (1998), 97-11819-AD; *Melson v. Ohio Department of Rehabilitation and Correction* (2003), Ct. of Cl. No. 2003-04236-AD, 2003-Ohio-3615.

{¶ 16} 12)  Plaintiff has failed to prove, by a preponderance of the evidence, that his property was lost as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD.

{¶ 17} 13)  Plaintiff has no right to pursue a claim for property in which he cannot prove any right of ownership.  *DeLong v. Department of Rehabilitation and Correction* (1988), 88-06000-AD.  Defendant cannot be held liable for contraband property that plaintiff has no right to possess.  *Beaverson v. Department of Rehabilitation and Correction* (1988), 87-02540-AD; *Radford v. Department of Rehabilitation and Correction* (1985), 84-09071.

{¶ 18} 14)  This court has previously held that property in an inmate's

possession which cannot be validated by proper indicia of ownership is contraband and consequently, no recovery is permitted when such property is confiscated. *Wheaton v. Department of Rehabilitation and Correction* (1988), 88-04899-AD.

{¶ 19} 15) An inmate plaintiff is barred from pursuing a claim for the loss of use of restricted property when such property is declared impermissible pursuant to departmental policy. *Zerla v. Dept. of Rehab. and Corr.* (2001), 2000-09849-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

PERRY D. LOCKRIDGE

    Plaintiff

    v.

HOCKING CORRECTIONAL FACILITY

    Defendant

    Case No. 2010-07571-AD

Clerk Miles C. Durfey

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
MILES C. DURFEY
Clerk

Entry cc:

Perry D. Lockridge, #307-702
16759 Snake Hollow Road
P.O. Box 59
Nelsonville, Ohio  45764

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio  43222

RDK/laa
11/5
Filed 12/29/10
Sent to S.C. reporter 2/25/11