[Cite as *Russell v. Grafton Correctional Inst.*, 2011-Ohio-1109.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DAVID RUSSELL

    Plaintiff

    v.

GRAFTON CORRECTIONAL INSTITUTION

    Defendant

    Case No. 2010-08080-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶ 1} 1)    Plaintiff, David Russell, an inmate incarcerated at defendant, Grafton Correctional Institution (GCI), filed this action alleging several items of his personal property were lost as a proximate cause of negligence on the part of GCI staff. On December 14, 2009, plaintiff was transferred from GCI to an outside hospital and his personal property was inventoried, packed, and delivered into the custody of GCI staff. Plaintiff advised that when he returned from the hospital and regained possession of his property, he discovered his blanket, fan, Bible, cup, and bowl were not among the returned items. Plaintiff asserted the above mentioned property items were lost or stolen while under the control of GCI staff. Plaintiff submitted a copy of his "Inmate Property Record-Disposition and Receipt" (inventory) compiled on December 14, 2009. The inventory lists all the claimed missing property with the exception of a personal blanket. Two "state issue" blankets are listed on the inventory. Plaintiff requested damage recovery in the amount of $79.11, the stated value of his blanket, fan, Bible, cup, and bowl. The $25.00 filing fee was paid and plaintiff requested reimbursement of that cost along his damage claim.

**{¶ 2}** 2) Defendant acknowledged packing plaintiff's property incident to his being transferred to an outside hospital on December 14, 2009. However, defendant denied any packed property was lost while under the control of GCI staff. Defendant implied all packed property was returned to plaintiff's possession. Defendant denied packing a personal blanket and cup at the time plaintiff was transferred on December 14, 2009. Plaintiff's submitted property inventory lists defendant packed one "Mugs/Glasses" on December 14, 2009. The trier of fact shall presume the above referenced item represents the "cup" plaintiff claimed in his complaint. Defendant contended plaintiff did not offer any evidence other than his own statements to establish any of his property was lost or stolen as a result of any conduct on the part of GCI staff.

**{¶ 3}** 3) Plaintiff filed a response insisting his blanket, fan, and Bible were lost while under defendant's control. Plaintiff pointed out defendant provided him with a replacement blanket; an act plaintiff characterized as an admission of liability. Plaintiff related, "[t]hey (GCI personnel) searched my property and found no Bible, fan, blanket." Plaintiff did not provide any evidence other than his own statement to establish any of his property was lost incident to his December 14, 2009 transfer.

CONCLUSIONS OF LAW

**{¶ 4}** 1) For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

**{¶ 5}** 2) "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided . . . by the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

**{¶ 6}** "3) If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay*

*Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327.

{¶ 7} "4)   Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 8} "5)   This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶ 9} "6)   Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 10} "7)   Plaintiff must produce evidence which affords a reasonable basis for the conclusion that defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 11} "8)   In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim.  If his evidence furnishes a basis for only a guess, among different possibilities, as to any issue in the case, he fails to sustain the burden as to such issue.  *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

{¶ 12} "9)   Plaintiff cannot recover for property loss when he fails to produce sufficient evidence to establish defendant actually assumed control over the property. *Whiteside v. Orient Correctional Inst.*, Ct. of Cl. No. 2002-05751, 2005-Ohio-4455 obj. overruled, 2005-Ohio-5068.  Plaintiff failed to prove defendant actually exercised control over a personal blanket.

{¶ 13} "10)  Plaintiff's failure to prove delivery of a personal blanket to defendant constitutes a failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property. *Prunty v. Department of Rehabilitation and Correction* (1987), 86-02821-AD.

{¶ 14} "11)  Plaintiff has failed to show any causal connection between the loss of

his property listed and any breach of a duty owed by defendant in regard to protecting inmate property. *Druckenmiller v. Mansfield Correctional Inst.* (1998), 97-11819-AD; *Melson v. Ohio Department of Rehabilitation and Correction* (2003), Ct. of Cl. No. 2003-04236-AD, 2003-Ohio-3615.

{¶ 15} "12) Plaintiff has failed to prove, by a preponderance of the evidence, any of his property was stolen or lost as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DAVID RUSSELL

    Plaintiff

    v.

GRAFTON CORRECTIONAL INSTITUTION

    Defendant

     Case No. 2010-08080-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor

of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

David Russell, #192-041                    Gregory C. Trout, Chief Counsel
2500 S. Avon-Belden Road                   Department of Rehabilitation
Grafton, Ohio  44044                       and Correction
                                           770 West Broad Street
                                           Columbus, Ohio  43222

RDK/laa
12/9
Filed 1/7/11
Sent to S.C. reporter 3/4/11