[Cite as *Rachel v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-2732.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DANIEL J. RACHEL

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS

    Defendant

    Case No. 2010-02804-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶ 1} Plaintiff, Daniel J. Rachel, an inmate formerly incarcerated at defendant's Trumbull Correctional Institution (TCI), filed this action alleging his television set was lost as a proximate cause of negligence on the part of TCI package room personnel. Plaintiff explained he delivered his television set to a TCI employee, Officer Johnson, on February 25, 2008 and requested the set be mailed to the vendor, Access "for warranty replacement or refund." Plaintiff pointed out he neither received a replacement television set nor a refund of the purchase price from Access and he consequently made a written inquiry concerning the status of his claim. Plaintiff advised Access responded "claiming they did not receive my tv and asked for confirmation of shipment" from TCI. Plaintiff asserted his television set was never mailed to Access contending the set was lost while in the possession of TCI package room staff, specifically, Officer Johnson. Plaintiff recalled his inmate account was never charged for shipping his television set from TCI. Plaintiff maintained TCI should bear responsibility for the loss of

his television set and he has requested damages in the amount of $181.36, the stated replacement value of the set. Plaintiff also requested $10.26 for postage and copying costs he incurred in pursuing this claim.[1] Plaintiff was not required to pay a filing fee to prosecute this action. Plaintiff submitted a copy of a receipt for the purchase of a television set from Access dated December 12, 2007. Information on the receipt shows the television set was purchased by a Melanie A. Gussett and sent to plaintiff at TCI. Total purchase price of the set was $181.36. Plaintiff also submitted documentation signed by Officer Johnson, who wrote "KTV71213032 Sent Back to Access 2-25-08." Plaintiff also submitted a document from Access (dated July 17, 2008) indicating, "[a]s of 7/16/08 no tv has been returned."

{¶ 2} Defendant denied liability in this matter arguing plaintiff failed to produce sufficient evidence to establish his television set was lost while under the control of TCI personnel. Defendant stated "it was Plaintiff's own actions in failing to mail his property via certified mail that resulted in there being no tracking number to help Plaintiff locate his property." Defendant noted TCI employee, Officer Johnson sent plaintiff's television set back to Access on three separate occasions, including February 2008, Defendant seemingly maintained plaintiff's television set was mailed from TCI in February 2008 via regular mail. Defendant related plaintiff "paid for regular postage" to send his television set to Access. Defendant did not provide any record of funds being withdrawn from plaintiff's account to pay for postage during the month of February 2008. Defendant contended the television set was mailed from TCI in February 2008 and consequently,

---

[1] Postage and copying costs are not compensable in a claim of this type. *Carnail v. Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2007-06322-AD, 2008-Ohio-1207; *Tyler v. Ohio Dept. of Rehab. & Corr.*,

Case No. 2006-03532-AD       - 3 -       MEMORANDUM DECISION

TCI has no responsibility for the item once it leaves the institution.

**{¶ 3}** Plaintiff filed a response insisting his television set was never mailed from TCI via any mail and was lost while under the control of TCI personnel. Plaintiff pointed out his inmate account was never charged for postage expense in February 2008 for mailing a television set. Plaintiff submitted documentation showing no shipping costs were charged to his inmate account from February 24, 2008 through March 26, 2008. After reviewing all evidence submitted, the trier of fact finds plaintiff's television set was, in all probability, lost while under the control of TCI package room personnel.

## CONCLUSIONS OF LAW

**{¶ 4}** 1) For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owned him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

**{¶ 5}** 2) "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided . . . by the court . . ."

Ct. of Cl. No. 2007-07299-AD, 2008-Ohio-3418.

*Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333, ¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶ 6} 3)    "If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence.  It is not necessary that the defendant should have anticipated the particular injury.  It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327.

{¶ 7} 4)    Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 8} 5)    Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 9} 6)    Plaintiff must produce evidence which affords a reasonable basis for the conclusion that defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 10} 7)    In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim.  If his

Case No. 2006-03532-AD            - 5 -            MEMORANDUM DECISION

evidence furnishes a basis for only a guess, among different possibilities, as to any essential issue in the case, he fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

{¶ 11} 8)    Plaintiff cannot recover for property loss when he fails to produce sufficient evidence to establish that defendant actually assumed control over property. *Whiteside v. Orient Correctional Inst.*, Ct. of Cl. No. 2002-05751, 2005-Ohio-4455 obj. overruled, 2005-Ohio-5068.    Plaintiff offered sufficient proof to establish TCI staff exercised control over his televison set.

{¶ 12} 9)    Negligence on the part of defendant has been shown in respect to the issue of property protection. *Billups v. Department of Rehabilitation and Correction* (2001), 2000-10634-AD; *Tyler v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2007-07299-AD, 2008-Ohio-3418.

{¶ 13} 10)    The standard measure of damages for personal property is market value. *McDonald v. Ohio State Univ. Veterinary Hosp.* (1994), 67 Ohio Misc. 2d 40, 644 N.E. 2d 750.    The trier of fact finds that the value of plaintiff's property that has been confirmed as lost while under the TCI staff amounts to $181.36.  Defendant is liable to plaintiff for that amount.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DANIEL J. RACHEL

Plaintiff

v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS

Defendant

Case No. 2010-02804-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION


Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor

Case No. 2006-03532-AD          - 7 -          MEMORANDUM DECISION

of plaintiff in the amount of $181.36. Court costs are assessed against defendant.


                                  DANIEL R. BORCHERT
                                  Deputy Clerk

Entry cc:

Daniel J. Rachel, #530-216          Gregory C. Trout, Chief Counsel
P.O. Box 788                           Department of Rehabilitation
Mansfield, Ohio 44901            and Correction
                                  770 West Broad Street
                                  Columbus, Ohio 43222

RDK/laa
2/9
Filed 3/9/11
Sent to S.C. reporter 5/27/11