[Cite as *Kohler v. Ohio Dept. of Transp.*, 2010-Ohio-6689.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DEBORAH A. KOHLER

      Plaintiff

      v.

OHIO DEPARTMENT OF TRANSPORTATION

      Defendant

      Case No. 2010-08225-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

**{¶ 1}** Plaintiff, Deborah A. Kohler, filed this action against defendant, Department of Transportation (ODOT), alleging nine Norway Spruce trees she had planted on her property adjacent to US Route 22 in Warren County "started (dying)" as a proximate cause of negligence on the part of ODOT personnel in conducting snow removal operations on the roadway. Plaintiff explained, "[i]n 2002 I had installed nine 6'-7' Norway Spruces/landscaping along the three lane wide Montgomery Road (US Route 22)" and in 2008 Montgomery Road adjacent to her property was expanded to five lanes. Plaintiff advised that, "[d]uring the winter of 2009-2010 I noticed that the Ohio Department of Transportation salt trucks were throwing salt, snow, ice, etc. into my landscaping and yard." In her complaint, plaintiff noted, "[t]he berm of Montgomery Road is 10' wide, next is a grassy area that is 14' wide, the area for landscaping is 12' wide and the remainder of the salt, snow, ice, etc. was being thrown 2' more into my yard." Plaintiff estimated the ODOT snow plows traveling on Montgomery Road were depositing snow removal debris, including salt, a distance of thirty-eight feet from the traveled portion of the roadway when snow removal operations were conducted during the winter season of 2009-2010. Plaintiff submitted photographs depicting the condition

of her spruce trees in 2007 (before Montgomery Road was widened) and in 2010. The photographs taken in 2007 depict healthy trees and the 2010 photographs depicting decaying and dying trees. Plaintiff implied the damage to her trees was caused by negligence on the part of ODOT personnel in depositing toxic substances on her land when conducting snow removal operations on Montgomery Road during the winter of 2009-2010. Consequently, plaintiff filed this complaint requesting damages in the amount of $2,250.00, the stated replacement cost of nine Norway Spruce trees, plus $229,90, the value of nine cedar trees and ten shrubs (arborvitaes) not planted in 2010 apparently due to the observed damaged state of the spruce trees. The filing fee was paid.

{¶ 2} Defendant denied liability in this matter asserting that plaintiff has not produced sufficient evidence to establish ODOT snow removal operations constituted the proximate cause of the damage to her trees. Plaintiff submitted photographs (taken July 1, 2010) depicting plaintiff's Norway Spruce trees. Defendant related "[t]he grass and trees do not look like they have been harmed by salt or any other source." After reviewing defendant's submitted photographs, the trier of fact finds one photograph clearly shows the limbs of the lower trunks of the depicted trees are denude of any foliage and therefore, do display various degrees of damage. Furthermore, defendant contended, "any harm alleged by Plaintiff is harm to the public in general and constitute damnum abseque injuria - a wrong for which the law affords no redress. *Shover v. Cordis Corp.* (1991), 61 Ohio St. 3d 213." Defendant argued plaintiff has no redress to seek recovery for damage to her trees that may have been harmed by ODOT conducting snow removal operations. Additionally, defendant argued plaintiff failed to prove ODOT breached any duty owed to her by applying salt to the roadway and conducting other snow removal activities.

{¶ 3} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio*

*State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 4} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. Additionally, defendant has a duty to exercise reasonable care for the public when conducting snow removal operations. *Andrews v. Ohio Department of Transportation* (1998), 97-07277-AD; *Peters v. Dept. of Transp.*, Ct. of Cl. No. 2008-11630-AD, 2009-Ohio-3031.

{¶ 5} Defendant contended plaintiff, "failed to provide sufficient evidence that the proximate cause of the alleged tree death was due to Defendant negligently conducting snow and ice removal on its roadways." Defendant advised that the salting of Montgomery Road adjacent to plaintiff's property "was necessary and reasonable for the safety of the traveling public and done in a manner consistent with normal standards." Defendant stated R.C. 5501.41[1] grants ODOT "the right to remove ice and snow from state highways and the authority to do whatever is necessary to perfect that right." Defendant acknowledged "[i]t is conceivable that salt and snow over spray could travel outside the right-of-way" and contact with plaintiff's trees. However, defendant contended ODOT "is given the statutory authority to do whatever is reasonably necessary to remove snow and ice." Defendant maintained the actions of removing snow and ice from Montgomery Road were reasonable. Contrary to defendant's

---

[1] R.C. 5501.41 covering DOT's discretionary authority to remove snow and ice states:

"The director of transportation may remove snow and ice from state highways, purchase the necessary equipment including snow fences, employ the necessary labor, and make all contracts necessary to enable such removal. The director may remove snow and ice from the state highways within municipal corporations, but before doing so he must obtain the consent of the legislative authority of such municipal corporation. The board of county commissioners of county highways, and the board of township trustees on township roads, shall have the same authority to purchase equipment for the

argument concerning "whatever is reasonable and necessary," the court finds it is neither reasonable nor necessary to create a dangerous hazard to property while in the course of performing snow removal activities. *Wertz v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2008-11656-AD, 2009-Ohio-6605.

**{¶ 6}** In the instant claim, plaintiff asserted the damage to her trees was caused by negligence on the part of ODOT in creating hazardous conditions to plant life when performing snow removal operations on Montgomery Road. As a necessary element of this type of claim, plaintiff was required to prove proximate cause of her damage by a preponderance of the evidence. See, e.g. *Stinson v. England* (1994), 69 Ohio St. 3d 451, 1994-Ohio-35, 633 N.E. 2d 532. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

**{¶ 7}** "If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327. In the instant claim, plaintiff has failed to offer sufficient proof to establish the cause of the damage to her trees. In a situation asserted in the instant claim referencing salt damage to her trees from snow removal operations plaintiff is required to produce expert testimony regarding the issue of causation and that testimony must be expressed in terms of probability. *Stinson*, at 454; see also *Paradise Tree Farm, Inc. v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2005-11167, 2008-Ohio-4213. Plaintiff, by not supplying the requisite expert testimony to state a prima facie claim of causation of the damage to her trees has failed to meet her burden of proof in regard to liability. See *Ryan v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2003-09297-AD, 2004-Ohio-900; *Ringel v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2006-02081-AD, 2006-Ohio-7279.

---

removal of and to remove snow and ice as the director has on the state highway system."

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DEBORAH A. KOHLER

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-08225-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Deborah A. Kohler
8811 Pembrooke Street
Maineville, Ohio 45039

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

RDK/laa
11/3
Filed 12/29/10
Sent to S.C. reporter 2/25/11