[Cite as *Golson v. Madison Corr. Inst.*, 2011-Ohio-1945.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RONALD M. GOLSON

     Plaintiff

     v.

MADISON CORRECTIONAL INSTITUTION

     Defendant

     Case No. 2010-06354-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

{¶ 1} 1)  Plaintiff, Ronald M. Golson, an inmate formerly incarcerated at defendant, Madison Correctional Institution (MaCI), filed this action alleging several items of his personal property were lost while under the control of MaCI staff.  Plaintiff explained he was transferred from the Belmont Correctional Institution (BeCI) to MaCI on or about October 7, 2009 and multiple articles of property he was not permitted to possess were then stored in the MaCI property vault.  Plaintiff pointed out he regained possession of his property on or about November 23, 2009 and discovered the following items were missing:  one pajama bottom, one pajama top, one sweatshirt, one pair of sweat pants, one pair of gym shorts, two CDs, and one baseball cap.  Plaintiff contended the above listed property was lost or stolen as a proximate cause of negligence on the part of MaCI personnel and he has consequently filed this complaint seeking to recover $61.55, the stated value of the alleged missing property.  Payment of the filing fee was waived.

{¶ 2} 2)  Plaintiff submitted a copy of an "Inmate Property Record-Disposition" (inventory) dated October 9, 2007 compiled by BeCI staff incident to his transfer to

MaCI. The inventory lists all plaintiff's property packed at BeCI and forwarded to MaCI. All property items claimed as missing with the exception of a pair of gym shorts are listed on this inventory. Plaintiff did not submit any property inventory compiled at MaCI.

**{¶ 3}** 3)　Defendant denied any of plaintiff's property was lost while under the control of MaCI staff. Defendant submitted a copy of plaintiff's property inventory dated November 23, 2009 compiled by MaCI personnel incident to plaintiff's transfer back to BeCI. The November 23, 2009 inventory bears the notation that plaintiff was present during the packing of his property. Plaintiff signed the inventory acknowledging the document represented a "complete and accurate" listing of all his property. Plaintiff also verified all property listed on the inventory was returned to his possession. All property items claimed by plaintiff, with the exception of one pair of gym shorts, are listed on the November 23, 2009 inventory. Evidence has shown a pair of gym shorts was never delivered to MaCI staff when plaintiff was transferred from BeCI. Defendant contended plaintiff failed to produce any evidence to establish any of his property was lost or stolen while under the custody and control of MaCI personnel.

**{¶ 4}** 4)　Plaintiff filed a response revising his claim for missing property to include one sweatshirt, one pair of sweat pants, one baseball cap, and two CDs. All of these items are listed on plaintiff's November 23, 2009 inventory. Plaintiff insisted the above listed property items were not returned to his possession. Plaintiff provided a copy of a November 24, 2009 inventory compiled by BeCI staff. None of the property items claimed are listed on this inventory. Plaintiff signed the inventory acknowledging the document contained "a complete and accurate" listing of his personal property.

## CONCLUSIONS OF LAW

**{¶ 5}** 1)　For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

**{¶ 6}** 2)　"Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided . . . by the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing

*Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

**{¶ 7}** 3)  If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence.  It is not necessary that the defendant should have anticipated the particular injury.  It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327.

**{¶ 8}** 4)  Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property.  *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

**{¶ 9}** 5)  This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

**{¶ 10}** 6)  Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence.  *Barnum v. Ohio State University* (1977), 76-0368-AD.

**{¶ 11}** 7)  Plaintiff must produce evidence which affords a reasonable basis for the conclusion that defendant's conduct is more likely than not a substantial factor in bringing about the harm.  *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

**{¶ 12}** 8)  In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim.  If his evidence furnishes a basis for only a guess, among different issues, as to any issue in the case, he fails to sustain the burden as to such issue.  *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

**{¶ 13}** 9)  The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact.  *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus.  The court is

free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find plaintiff's assertions particularly persuasive regarding his claims of property loss.

{¶ 14} 10) Plaintiff has failed to show any causal connection between any loss of his property listed and any breach of a duty owed by defendant in regard to protecting inmate property. *Druckenmiller v. Mansfield Correctional Inst.* (1998), 97-11819-AD; *Melson v. Ohio Department of Rehabilitation and Correction* (2003), Ct. of Cl. No. 2003-04236-AD, 2003-Ohio-3615.

{¶ 15} 11) Plaintiff has failed to prove, by a preponderance of the evidence, any of his property was lost or stolen as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us


RONALD M. GOLSON

    Plaintiff

    v.

MADISON CORRECTIONAL INSTITUTION

    Defendant

    Case No. 2010-06354-AD

Deputy Clerk Daniel R. Borchert


ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Ronald M. Golson, #570-300
68518 Bannock Road
P.O. Box 540
St. Clairsville, Ohio 43950

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio 43222

RDK/laa
1/26
filed 2/4/11
Sent to S.C. reporter 4/15/11