[Cite as *Lee v. Ohio Dept. of Transp.*, 2011-Ohio-3444.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JAMES LEE, et al.

    Plaintiffs

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-11404-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiffs, James Lee and Shelly Archer, filed this action against defendant, Ohio Department of Transportation (ODOT), alleging that their vehicle was damaged on August 26, 2010, as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition in a roadway construction area on State Route 534 in Trumbull County. Specifically, plaintiffs claimed that their car "bottomed out" while traveling over a bridge at a particular area where the roadway pavement had been milled in preparation for repaving. According to plaintiffs, their 1999 Plymouth Voyager "bottomed out" when the vehicle traveled across the transition area where the milled roadway abutted existing pavement on both sides of the bridge. It was noted that the air bags on the vehicle deployed and the right front wheel and axle broke when the car "bottomed out." Plaintiffs seek recovery of damages in the amount of $2,500.00, the complete stated cost of automotive repair, work loss and towing and car rental expense. Plaintiffs submitted documentation showing their car was towed on August 24, 2010. Plaintiff also submitted receipts dated August 27, 2010, estimating the total repair cost for the vehicle at $1,200.00, and documenting rental car expense in the amount of $567.50. Payment of the filing fee was waived.

**{¶ 2}** Plaintiffs provided the following narrative description of their recollection of the damage incident:

**{¶ 3}** "[We were] going South on Rt 534 from Rt 87 past Parks West going towards Rt 88. We were going 45 mph. We came to a bridge that was not done. We slowed down but didn't know that it was deep. We went down the first part of the bridge. We came up the other side it was so deep we [nose] dived into the road setting off both airbags. We came to a complete stop causing us to come off our seats."

**{¶ 4}** Defendant acknowledged that the area where plaintiff's damage event occurred was located within the limits of a construction project under the control of ODOT contractor, Shelly and Sands, Inc. (Shelly). Defendant explained that the particular project dealt with "resurfacing with asphalt concrete on asphalt concrete base and other related works as specified in the plans for SR 534 and SR 87 in Trumbull County."

**{¶ 5}** Defendant asserted that Shelly, by contractual agreement, was responsible for any occurrences or mishaps within the construction zone. Therefore, ODOT argued that Shelly is the proper party defendant in this action. Defendant implied that all duties, such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. All work by the contractor was to be performed in accordance with ODOT mandated specifications, requirements, and subject to ODOT approval.

**{¶ 6}** Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

**{¶ 7}** In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112. In fact, the duty to render the highway free from unreasonable

risk of harm is the precise duty owed by ODOT to the traveling public both under normal traffic conditions and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462; *Rhodus*, supra.

{¶ 8} The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contention that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

{¶ 9} Defendant contended that plaintiffs failed to produce evidence establishing their property damage was attributable to conduct on either the part of ODOT or Shelly. Defendant advised that Shelly provided photographs (copies submitted) depicting the bridge site. These photographs show an area where existing pavement on SR 534 has been totally removed creating an uneven edge line at either end of the bridge. The edge lines appear to have been ramped with asphalt grindings. The ramped transition shown appears to the trier of fact to provide reasonably safe access over the bridge for motorists.

{¶ 10} Generally, in order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861.

{¶ 11} Plaintiffs, in the instant claim, have alleged that the damage to their vehicle was directly caused by construction activity of ODOT's contractor prior to August

26, 2010. In the instant claim, plaintiffs have failed to introduce sufficient evidence to prove that defendant or its agents maintained a known hazardous roadway condition. See *Nicastro v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-09323-AD, 2008-Ohio-4190. Evidence has shown that the repavement project complied with ODOT specifications. Plaintiffs have not provided evidence to prove that the roadway area was particularly defective or hazardous to motorists. *Reed v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2004-08359-AD, 2005-Ohio-615. Plaintiffs have failed to provide sufficient evidence to prove that defendant was negligent in failing to redesign or reconstruct the roadway repavement procedure considering plaintiffs' incident appears to be the sole incident at this area. See *Koon v. Hoskins* (Nov. 2, 1993), Franklin App. No. 93AP-642; also, *Cherok v. Dept. of Transp., Dist. 4,* Ct. of Cl. No. 2006-01050-AD, 2006-Ohio-7168. The trier of fact finds that the transition over the bridge created by Shelly that is depicted in the submitted photographs, while not ideal, does not appear to be particularly hazardous or unsafe.

{¶ 12} "If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 13} Evidence available tends to point out that the roadway was maintained properly under ODOT specifications. The photographic evidence submitted establishes that the transition was ramped properly and visible to the traveling public. Plaintiffs failed to prove their damage was proximately caused by any negligent act or omission on the part of ODOT or its agents. See *Wachs v. Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2005-09481-AD, 2006-Ohio-7162; *Vanderson v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2005-09961-AD, 2006-Ohio-7163; *Shiffler v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-07183-AD, 2008-Ohio-1600.

{¶ 14} Plaintiffs have not proven defendant maintained a hidden roadway defect.

See *Sweney v. Ohio Dept. of Transp., Dist. 8*, Ct. of Cl. No. 2009-03649-AD, 2009-Ohio-6294. Thus, it appears that the cause of the property damage claimed was the negligent driving of plaintiff, James Lee. See *Wieleba-Lehotzky v. Ohio Dept. of Transp., Dist. 7*, Ct. of Cl. No. 2004-03918-AD, 2004-Ohio-4129. Consequently, plaintiffs' claim is denied.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us


JAMES LEE, et al.

    Plaintiffs

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-11404-AD

Deputy Clerk Daniel R. Borchert


ENTRY OF ADMINISTRATIVE DETERMINATION

    Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.


                _____
                DANIEL R. BORCHERT
                Deputy Clerk


Entry cc:

James Lee                                    Jerry Wray, Director
Shellie Archer                               Department of Transportation
17483 Kinsman Road                           1980 West Broad Street
Middlefield, Ohio  44062                     Columbus, Ohio  43223

SJM/laa
3/17
Filed 3/31/11
Sent to S.C. reporter 6/30/11