[Cite as *Speakman v. London Corr. Inst.*, 2011-Ohio-3768.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DAVID SPEAKMAN, JR.

    Plaintiff

    v.

LONDON OHIO CORRECTIONAL INST.

    Defendant

    Case No. 2010-10220-AD

Clerk Miles C. Durfey

<u>MEMORANDUM DECISION</u>

FINDINGS OF FACT

**{¶ 1}** Plaintiff, David Speakman, an inmate formerly incarcerated at defendant's London Correctional Institution (LCI), filed this action alleging that his CD player was lost or stolen as a proximate cause of negligence on the part of LCI staff in handling his property on or about December 13, 2009. Plaintiff recalled that he was transferred to segregation from the visiting room at LCI and that his personal property was packed and sent to storage incident to the transfer. Plaintiff further recalled that when he was released from segregation and regained possession of his property he discovered that his CD player was not among the returned property items. Plaintiff asserted that he "did all the proper paperwork within the prison first trying to resolve the issue." In his complaint, plaintiff requested damages in the amount of $76.25, the stated replacement cost of his alleged missing property. Plaintiff submitted a copy of a title to a CD player issued on February 6, 2009. Plaintiff did not provide any documentation concerning the value of his alleged lost CD player. Payment of the filing fee was waived.

**{¶ 2}** Defendant denied any liability in this matter. Defendant explained that

plaintiff was transferred to security control on December 13, 2009 and that his personal property was packed incident to this transfer. Defendant further explained that plaintiff subsequently was placed on disciplinary control and then local control. According to defendant, plaintiff's security level was increased and he was transferred to defendant's Southern Ohio Correctional Facility (SOCF) on August 4, 2010. Defendant asserted that plaintiff did not produce any evidence to establish that any of his property items were lost or stolen while under the control of LCI staff or incident to a transfer to SOCF. Defendant submitted a copy of plaintiff's property inventory compiled on August 4, 2010 by SOCF personnel. This inventory does not list a CD player. The inventory does bear plaintiff's signature certifying that the items listed represent "a complete and accurate inventory of all my personal property."

**{¶ 3}** Plaintiff did not file a response.

CONCLUSIONS OF LAW

**{¶ 4}** For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

**{¶ 5}** "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided . . . by the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

**{¶ 6}** If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327.

**{¶ 7}** Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property.

*Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

**{¶ 8}** This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

**{¶ 9}** Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

**{¶ 10}** Plaintiff must produce evidence which affords a reasonable basis for the conclusion that defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

**{¶ 11}** In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim. If his evidence furnishes a basis for only a guess, among different issues, as to any issue in the case, he fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

**{¶ 12}** Plaintiff cannot recover for property loss when he fails to produce sufficient evidence to establish defendant actually assumed control over the property. *Whiteside v. Orient Correctional Inst.*, Ct. of Cl. No. 2002-05751, 2005-Ohio-4455 obj. overruled, 2005-Ohio-5068. Plaintiff failed to prove defendant actually exercised control over a CD player.

**{¶ 13}** Plaintiff's failure to prove delivery of the above listed property to defendant constitutes a failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property. *Prunty v. Department of Rehabilitation and Correction* (1987), 86-02821-AD.

**{¶ 14}** The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find plaintiff's assertions particularly persuasive regarding his claim of property loss.

{¶ 15}     Plaintiff has failed to show any causal connection between any loss of his property listed and any breach of a duty owed by defendant in regard to protecting inmate property.  *Druckenmiller v. Mansfield Correctional Inst.* (1998), 97-11819-AD; *Melson v. Ohio Department of Rehabilitation and Correction* (2003), Ct. of Cl. No. 2003-04236-AD, 2003-Ohio-3615.

{¶ 16}     Plaintiff has failed to prove, by a preponderance of the evidence, any of his property was lost or destroyed as a proximate result of any negligent conduct attributable to defendant.  *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DAVID SPEAKMAN, JR.

    Plaintiff

    v.

LONDON OHIO CORRECTIONAL INST.

    Defendant

    Case No. 2010-10220-AD

Clerk Miles C. Durfey

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
MILES C. DURFEY
Clerk

Entry cc:

David Speakman, Jr., #559-022  Gregory C. Trout, Chief Counsel
1724 St. Rt. 728  Department of Rehabilitation
Lucasville, Ohio  45699  and Correction
  770 West Broad Street
  Columbus, Ohio  43222

SJM/laa
3/8
Filed 4/20/11
Sent to S.C. reporter 7/29/11