[Cite as *Lobert v. Ohio Dept. of Transp.*, 2011-Ohio-3966.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MEGAN LOBERT

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-13130-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

{¶ 1} Plaintiff, Megan Lobert, filed this action against defendant, Ohio Department of Transportation (ODOT), alleging that her vehicle was damaged on November 11 or 12, 2010, as a proximate result of negligence on the part of ODOT in maintaining a hazardous condition in a roadway construction area on the Hamilton Road ramp to I-270 northbound in Franklin County. Specifically, plaintiff explained that "I did not see, until it was too late, that the ramp for I-270 North was elevated because it was paved (versus Hamilton- which is unpaved). I started to accelerate to go on the ramp and slammed into the raised portion of the ramp causing over $300 of damage to my car." According to plaintiff, there was no caution sign warning of the change in elevation and plaintiff estimated "the difference between Hamilton Rd. and the ramp was approximately 3.5 to 4 inches." Plaintiff seeks recovery of damages in the amount of $326.47, the stated cost of automotive repair. The filing fee was paid.

{¶ 2} Defendant acknowledged that the area where plaintiff's damage event occurred was located within the limits of a construction project under the control of ODOT contractor, Complete General Construction Company (Complete). Defendant

explained that the particular project dealt with "grading, draining, paving with asphalt concrete on an asphalt concrete base and widening of I-270 ramps at Hamilton Road and median improvement on Hamilton Road between milepost 37.04 and 37.55."

{¶ 3} Defendant asserted that Complete, by contractual agreement, was responsible for any occurrences or mishaps within the construction zone. Therefore, ODOT argued that Complete is the proper party defendant in this action. Defendant implied that all duties, such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. All work by the contractor was to be performed in accordance with ODOT mandated specifications, requirements, and subject to ODOT approval.

{¶ 4} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 5} In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112. In fact, the duty to render the highway free from unreasonable risk of harm is the precise duty owed by ODOT to the traveling public both under normal traffic conditions and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462; *Rhodus*, supra.

{¶ 6} The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contention that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection

with particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

{¶ 7} Defendant contended that plaintiff failed to produce evidence establishing her property damage was attributable to conduct on either the part of ODOT or Complete. Defendant advised that neither ODOT nor Complete received any complaints about uneven pavement or road surfaces prior to plaintiff's incident. With its investigation report defendant submitted a letter from Complete's safety director, Al Tambini , who stated that bump signs were placed in several locations throughout the project, milling operations would have taken the asphalt down only 1.5 inches, not the 3.5 to 4 inches suggested by plaintiff, and that asphalt paving operations for the project were completed by November 9, 2010.

{¶ 8} Generally, in order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861.

{¶ 9} Plaintiff has alleged that the damage to her vehicle was directly caused by construction activity of ODOT's contractor; however, plaintiff has failed to introduce sufficient evidence to prove that defendant or its agents maintained a known hazardous roadway condition. See *Nicastro v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-09323-AD, 2008-Ohio-4190. Plaintiff has not provided evidence to prove that the roadway area was particularly defective or hazardous to motorists. *Reed v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2004-08359-AD, 2005-Ohio-615. Plaintiff has failed to provide sufficient evidence to prove that defendant was negligent in failing to redesign or reconstruct the roadway repavement procedure considering plaintiff's incident appears to be the sole incident at this area. See *Koon v. Hoskins* (Nov. 2, 1993), Franklin App. No. 93AP-642; also, *Cherok v. Dept. of Transp., Dist. 4,* Ct. of Cl. No.

2006-01050-AD, 2006-Ohio-7168.

{¶ 10} "If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 11} Evidence available tends to point out that the roadway was maintained properly under ODOT specifications. No photographic evidence was submitted to establish that the transition was not ramped properly and visible to the traveling public. Plaintiff failed to prove her damage was proximately caused by any negligent act or omission on the part of ODOT or its agents. See *Wachs v. Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2005-09481-AD, 2006-Ohio-7162; *Vanderson v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2005-09961-AD, 2006-Ohio-7163; *Shiffler v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-07183-AD, 2008-Ohio-1600.

{¶ 12} Plaintiff has not proven that defendant maintained a hidden roadway defect. See *Sweney v. Ohio Dept. of Transp., Dist. 8*, Ct. of Cl. No. 2009-03649-AD, 2009-Ohio-6294. Thus, it appears that the cause of the property damage claimed was the negligent driving of plaintiff, Megan Lobert. See *Wieleba-Lehotzky v. Ohio Dept. of Transp., Dist. 7*, Ct. of Cl. No. 2004-03918-AD, 2004-Ohio-4129. Consequently, plaintiff's claim is denied.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MEGAN LOBERT

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-13130-AD

Clerk Miles C. Durfey

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
MILES C. DURFEY
Clerk

Entry cc:

Megan Lobert
662 Picadilly Court
Gahanna, Ohio  43230

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

SJM/laa
4/15
Filed 5/5/11
Sent to S.C. reporter 8/10/11